BOARDMAN, Acting Chief Judge.
The state appeals[1] an order of the trial court granting appellee Brian Johnson’s motion to suppress certain tangible evidence and statements made by appellee subsequent to his arrest. We hold that the police action in this case was proper and therefore reverse.
According to the record, Officer DiBello of the Madeira Beach Police Department was checking a Holiday Inn due to the high crime rate there when he sighted a car with two occupants parked in the parking lot. Appellee was occupying the driver’s seat of the car. Standing outside of the car was one Michael Costello, who had what appeared to be an open beer can in his hand. At the time, the city had an ordinance which prohibited the possession of an open container of alcohol in a public place. As the officer approached Costello, Costello handed the beer to one of the occupants of the car.
DiBello then approached the three and asked all of them for identification. Appel-lee tendered to the officer a false driver’s license. The officer then removed appellee from the car and arrested him for unlawful possession of a driver’s license. § 322.-212(1), Fla.Stat. (1979). He then searched the car and found a misdemeanor amount of marijuana in the unlocked glove compartment.
We hold that, prior to the detention and identification check of appellee, the officer had a well-founded suspicion of criminal activity. Furthermore, it was apparent to the officer that appellee was a participant in that activity. Thus, DiBello had grounds under section 901.151(2), Florida Statutes (1979), Florida’s “stop and frisk” law, to detain appellee and require identification from him. The arrest, which was based on probable cause, was also valid. Finally, the search incident to the arrest, which revealed the marijuana, was proper under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981).
Accordingly, we REVERSE and REMAND this cause to the trial court for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.

. This appeal is taken pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).